HUMES *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

No. 150. Submitted February 21, 1898. — Decided April 25, 1898:

It is again decided that it is no ground for reversal that the court below omitted to give instructions which were not requested by the defendant. The charge of the trial court was sufficiently full and elaborate.

It is again held that this court cannot consider an objection that the verdict wa  against the weight of evidence, if there was any evidence proper to go to the jury in support of the verdict.

THE plaintiff in error was indicted for violating section 5486 of the Revised Statutes of the United States. The indictment contained nine counts. They, respectively, charged the withholding and detention of certain sums of money for pension fees in excess of the amount allowed by the statute to be charged, to wit, the first, third, fifth, seventh and ninth counts; that defendant withheld, respectively, from William Anderson, Isaac Bloodson, Ann Galloway and Whitfield Pryor the several sums of $486.40, $517.20, $120.13, $116 and $15.80; the second, fourth, sixth and eighth counts charged that he "did demand from said persons, respectively, the said several sums." The jury returned a verdict of guilty as to the first and third counts, a verdict of not guilty as to the second, fourth, seventh,

eighth and ninth counts, and a *nolle prosequi* was entered by the United States attorney as to the fifth and sixth counts.

There are eleven assignments of error. The first part of the eighth and eleventh assignments relate to a failure on the part of the court to give certain instructions. The record does not show that there was a request for such instructions. The second, fourth, fifth, sixth, seventh, part of the eighth, ninth and tenth assignments relate to alleged error in the instructions given by the court. No exception is shown by the record to have been taken. The twelfth and thirteenth assignments of error are based upon the alleged fact that the verdict was against the weight of evidence. The third assignment of error is based upon the refusal of the court to give an instruction which was requested.

The statement of the record is, " the defendant asked the following special instruction, which was refused: 'Unless you find from the evidence that the defendant was the attorney, agent or other person engaged in prosecuting the pension claims of Anderson, Haynes and Bloodson, the court instructs you to find for the defendant. I think I have given this instruction in the general charge, and believing the charge on this point is sufficiently full, further instruction is declined. Clark, J.' To which action and ruling of the court in so refusing to give said special instructions the defendant then and there excepted."

*Mr. James M. Greer* for plaintiff in error.

*Mr. Assistant Attorney General Boyd* for defendants in error.

MR. JUSTICE MCKENNA, after stating the case, delivered the opinion of the court.

We cannot regard as error the omission of the court to give instructions which were not asked. In *Isaacs v. United States*, 159 U. S. 487, 491, Mr. Justice Brown said: " It is no ground for reversal that the court omitted to give instructions,

where they were not requested by the defendant. It is sufficient that the court gave no erroneous instructions. *Pennock v. Dialogue,* 2 Pet. 1, 15; *Texas and Pacific R'y Co.* v. *Volk,* 151 U. S. 73, 78." Nor are instructions which were given but not excepted to subject to review. *Tucker* v. *United States,* 151 U. S. 164; *St. Clair* v. *United States,* 154 U. S. 134, 153.

We are confined, therefore, to the consideration of the second assignment of error. It is not well taken. As the court said in refusing it, the charge of the court was " sufficiently full." The court read to the jury section 5485 of the Revised Statutes, and stated that the indictment was predicated on it. The statute provides that " any agent or attorney, or any other person instrumental in prosecuting any claim for pension or bounty land, who shall wrongfully withhold or wrongfully demand from a pensioner or claimant any portion of the pension or claim allowed, shall be guilty of a high misdemeanor."

And then, after explaining the indictment and stating the rules of evidence, degrees of proof required, the court said: " Now, with these general observations that are applicable and will be kept in mind by you throughout the case, we come to the testimony in the case, and in respect to that it appears from the statute, as you have observed, that it is necessary in order to make the case against the defendant (first) that he must have been the agent or attorney of the pensioner, or he must have been instrumental in the prosecution of the pension claim before he falls within the category of the persons who are subject to the provisions of the statute, and (secondly) he must withhold from the pensioner all or a part of what was due the pensioner claimant, so that two propositions are necessary to be established: The defendant was an agent or instrumental in the prosecution of the claim, and, secondly, that he withheld from the pensioner money that belonged to the pensioner, some part of the pension that was allowed."

The language of the court was explicit and unmistakable. It is fuller and more elaborate than the instruction requested.

The alleged fact that the verdict was against the weight of

evidence we are precluded from considering, if there was any evidence proper to go to the jury in support of the verdict. *Crumpton* v. *United States*, 138 U. S. 361; *Moore* v. *United States*, 150 U. S. 57, 61.

In this case there was certainly evidence proper to go to the jury.

There is no error in the record, and the judgment of the Circuit Court is

*Affirmed.*