## ALDERMAN et al. v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. March 20, 1922.)

No. 3789.

**1. Criminal law ⊖➾901—Motion for directed verdict at close of government's evidence is waived by defendant's introduction of evidence.**

The subsequent introduction of evidence by defendant waives any exception to the denial of the motion for a directed verdict at the conclusion of the government's evidence.

**2. Criminal law ⊖➾1159(2, 4)—Appellate court cannot pass on weight of evidence or credibility of witnesses.**

If there is any evidence sufficient to sustain the verdict, the Circuit Court of Appeals cannot interfere, since the weight of evidence and the credibility of the witnesses are not for that court.

**3. Criminal law ⊖➾673(2)—Evidence varying from overt acts alleged held competent, when limited to other charges.**

In a prosecution for conspiracy to violate the National Prohibition Act, and for transporting and possessing intoxicating liquors in violation of that act, evidence as to the transportation and possession of such liquors which varied from the overt acts alleged in the conspiracy charge was competent on the charges of transportation and possession, when confined by the court's charge thereto.

**4. Intoxicating liquors ⊖➾223(2)—Testimony as to name of vessel on which liquor was transported held not variance.**

Where the indictment charged that liquor was transported on a vessel named "Mollie O.," testimony by a witness that the vessel was the "Molly" was not objectionable, as a variance from the indictment.

**5. Criminal law ⊖➾444—Telegram admissible, without proof it was received.**

Where the indictment charged the sending of a telegram as one of the overt acts in furtherance of a conspiracy to transport intoxicating liquor, the telegram, properly identified as having been delivered by one of the defendants to a telegraph company for transmission, was competent evidence, without proof it was ever received.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

J. H. Alderman and others were convicted of conspiracy to violate the National Prohibition Act, and of violating that act in certain particulars, and they bring error. Affirmed.

W. D. Bell, of Arcadia, Fla., for plaintiffs in error.

William M. Gober, of Lakeland, Fla., and Damon G. Yerkes and Maynard Ramsey, Asst. U. S. Atty., both of Jacksonville, Fla., for the United States.

---

⊖➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 257 U. S. —, 42 Sup. Ct. 586, 66 L. Ed. —.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Alderman and six others were indicted in the United States District Court for the Southern District of Florida, charged with (1) a conspiracy to violate the National Prohibition Act (41 Stat. 305), by possessing, transporting, and selling intoxicating liquors; (2) transporting intoxicating liquors in violation of said statute; and (3) unlawfully possessing intoxicating liquors. Alderman and five others were placed on trial. They did not demur to the indictment, but each pleaded not guilty.

At the conclusion of the testimony for the government, said defendants moved for the direction of a verdict of not guilty, which was overruled. They then introduced the testimony of one of their number as a witness. All were found guilty and sentenced to imprisonment for one year and one day, in the United States penitentiary at Atlanta, Ga.

The defendants assign error: (1) On the refusal of the court to direct a verdict in their favor. (2) That there was a variance between the allegations as to the second, third, and·fourth overt acts charged in count 1 of the indictment and the proof. (3) That there was error in admitting evidence tending to show the transportation and possession of liquor at the mouth of the Manatee river; the first count charging as overt acts such transportation and possession at the Alafia river. (4) The admission of evidence of the transportation of intoxicating liquors in a vessel known as the Mollie O. (5) The reception in evidence of a telegram addressed to Larnce Washbern, signed J. H. Alderman. (6) The charge of the court to the effect that the government was not bound to prove the quantity of liquor transported, as charged, but might prove one case or one quart.

[1] 1. There was no motion for a directed verdict at the close of the entire evidence, but only at the close of the government's case. The subsequent introduction of evidence by the defendant did away with any exception taken to the denial of the motion at the conclusion of the government's evidence. Sandals v. United States, 213 Fed. 569, 573, 130 C. C. A. 149; Goldman v. United States, 220 Fed. 57, 61, 135 C. C. A. 625.

[2] 2. But, if the ground could be now considered, we think there was sufficient evidence in said case authorizing the court to submit the case to the jury and requiring him to overrule the motion to direct a verdict. There was evidence from which the jury might have found defendants guilty under each count. If there was any evidence sufficient to sustain the verdict, this court cannot interfere. The weight of the evidence or ·credibility of the witnesses is not for this court. Humes v. United States, 170 U. S. 210, 212, 18 Sup. Ct. 602, 42 L. Ed. 1011; Crumpton v. United States, 138 U. S. 361, 363, 11 Sup. Ct. 355, 34 L. Ed. 958.

[3] 3. The court, by his charge as to the overt acts, confined the evidence, so as to prevent testimony tending to show transportation and possession at the mouth of the Manatee river from being considered in proving such acts. This is also true as to the evidence concern-

ing the Mollie O. It is clear that this testimony was admissible under the second and third counts of the indictment, charging unlawful transportation and possession.

[4] 4. The proof as to the transportation of liquor on the vessel called by one of the witnesses "Molly" was not subject to be excluded because of a variance in name from "Mollie O." There was evidence from which it could be inferred that this was the vessel described as "Mollie O."

[5] 5. There was no error in the admission of the telegram, signed J. H. Alderman, addressed to Larnce Washbern. This telegram was proved to have been delivered for transmission to the telegraph company by the defendant Alderman, and was sent by the telegraph company to Tampa, as directed. The sending of this telegram was one of the overt acts charged in count 1. Proof of its receipt was not necessary to sustain this allegation.

6. We find no error in the charge of the court on the subject of the proof needed to sustain the allegations as to the quantity of intoxicating liquor transported or possessed.

The judgment of the District Court is affirmed.