### SOUTHERN BORDER MOTOR CO. v. FASKEN.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1922.)

No. 3829.

1. Evidence ☞242(1)—Letter held admissible as that of agent.

Where the seller of a motor truck which did not conform to the contract employed the manufacturer to replace parts to the buyer, it thereby made the manufacturer its agent, and correspondence between it and the buyer is admissible in evidence in an action by the buyer for breach of contract.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Sales** ⬅418(19)—**Breach of contract for sale of part of motor truck.**

Where, because of the fact that the chassis for a motor truck, purchased by plaintiff from defendant, did not conform to the contract, the completed truck, including the body and seats, which under the contract were procured by plaintiff, was rendered useless, the measure of damages for breach of the contract includes the cost to plaintiff of the body and seats.

In Error to the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Action at law by D. Fasken against the Southern Border Motor Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert L. Holliday, of El Paso, Tex. (A. H. Culwell, of El Paso, Tex., on the brief), for plaintiff in error.

Ed. M. Whitaker, of El Paso, Tex. (Volney M. Brown, of El Paso, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The plaintiff below, D. Fasken, purchased from the Southern Border Motor Company a Republic truck for use on a railroad. The motor company was to furnish the chassis, and was to furnish specifications and data for the body. The truck was to comply with certain specifications and to make a certain speed. It was furnished with wheels different from those contracted for, but on an undertaking to thereafter furnish them. Fasken paid for said truck and for the body and seats therefor. He claimed that the truck never did comply with the contract and proved wholly worthless, thereby occasioning a complete loss of its price and that of the body and seats. He therefore brought suit against Southern Border Motor Company to recover the sums paid to it by him as the price of the motor truck, and also the sums paid by him for the body and seats for use on said truck, on the grounds that the truck did not comply with the warranty on which it was sold and was entirely worthless, that the body and seats were useful only with the truck, and by reason of such failure of the truck were also entirely valueless. He averred that he had paid for said property, relying on the defendant's undertaking to make it good, and had tendered all of said property to the defendant motor company. The evidence was conflicting, and the jury, under the charge of the court, found for the plaintiff.

[1] Error is assigned to the admission in evidence of two telegrams and a letter from the Republic Motor Truck Company to the plaintiff concerning certain parts of the truck purchased from the defendant motor company, which the defendant had arranged with the Republic company to replace. It was admitted that the truck when furnished by the defendant motor company did not comply with the agreement of that company, that it made a contract with the Republic company to furnish certain parts and that in the carrying out of this last agreement this correspondence occurred. When the Republic company was employed to make good the defendant's contract as to this truck, and was put into communication with the plaintiff as to

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

this, it was acting for the defendant. What it wrote concerning the condition of the truck was in effect a statement of the defendant, through its agent, and the telegrams and letters, relating to the business it was transacting in making said truck comply with the contract for its sale, are relevant and admissible.

[2] It is further insisted that the court erred in its charge to the jury that, if they found for the plaintiff as to the truck, and if they found that by reason of the truck being worthless, the body and seats were of no value to the plaintiff, defendant would be liable for their value. The only ground of error assigned is that the body and seats had not been furnished by the defendant, and that it was not liable for their value, if lost by reason of the truck being worthless.

It was stated in the contract of sale by the defendant motor company that plaintiff was to procure the body and seats for the truck and that defendant was to prepare all data and specifications for said body. The defendant negotiated for plaintiff with a body maker to furnish such body for $800. The truck was known to the motor company to be useless for the purpose for which plaintiff was purchasing it without a body and seats. The body and seats were built for and were placed on said truck. No question was made as to the reasonableness of the sums expended therefor, or as to their being properly constructed.

If the defendant breached its contract and furnished a worthless truck which plaintiff tendered back to it, it would seem that it is liable to make good to him his entire outlay, both that paid to defendant and that paid to others with his express knowledge and assent. The persons furnishing the body and seats have complied with their contracts, and they are not liable to have their goods returned, or for damages, occasioned by reason of the breach of the contract as to the truck. The truck as a whole, including the body and seats as parts thereof, has become worthless by reason of defendant's breach of its duty to plaintiff.

The remaining error assigned was that the charge as a whole failed to present to the jury the defendant's theory of the case, to wit, that if the failure of the car was due to faulty handling of the truck by the plaintiff, and not because of faulty construction, plaintiff could not recover. The only alleged faulty handling was by an automobile dealer who was selling the truck for, and being paid a commission by, the defendant motor company. His act was clearly not the act of the plaintiff. The evidence, therefore, did not warrant the presentation of this theory of the defense.

Again, the defendant made no requests for any charges to be given on this subject, but objected to the charge as a whole on the ground above stated. We think the charge as a whole submitted the issues raised by the pleadings and evidence in said case, and, there being evidence which if believed by the jury would support the verdict, the judgment of the District Court should be affirmed. Humes v. United States, 170 U. S. 210, 18 Sup. Ct. 602, 42 L. Ed. 1011; Moore v. U. S., 150 U. S. 57, 61, 14 Sup. Ct. 26, 37 L. Ed. 996.

The judgment of the District Court is affirmed.