### UNITED STATES v. RENDA et al.
### No. 249.

Circuit Court of Appeals, Second Circuit.

March 7, 1932.

602

Samuel M. Fleischman, of Buffalo, N. Y., for appellant Renda.

Leo J. Hagerty and Stephen L. Verdi, both of Buffalo, N. Y. (Frank Floriano, of Buffalo, N. Y., on the brief), for appellant D'Agostino.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Justin C. Morgan, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

■ The only evidence against D'Agostino was that one of the conspirators, De Franco, was heard to call some one on the telephone and ask if "Dominick D'Agostino" was speaking. Apparently receiving an affirmative answer, De Franco then asked the listener to bring "ten pieces," which concededly referred to morphine, in which the conspirators were dealing. The telephone number called was registered under D'Agostino's name in the telephone book. The evidence was of course hearsay, for the identity of the person called depended upon De Franco's implied recognition of D'Agostino's voice, whom he knew. The theory of its admission apparently was that, since De Franco was abundantly shown to be acting in criminal concert with the defendants other than D'Agostino, any admission of his was competent against all who had been indicted. The error is, however, apparent. The declarations of one party to a concerted mutual venture are admitted against the rest on the notion that they are acts in its execution. Hitchman C. & C. Co. v. Mitchell, 245 U. S. 229, 249, 38 S. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461; Conn.

Mut. L. Ins. Co. v. Hillman, 188 U. S. 208, 23 S. Ct. 294, 47 L. Ed. 446; Van Riper v. U. S., 13 F. (2d) 961, 967 (C. C. A. 2). In so far as they are such, they are authorized by all, and are treated as their admissions. However, obviously the declaration cannot prove the authority any more than that of an agent. The party to be implicated must be shown independently to be in fact a party to the venture; else there is no authority to act for him. Before De Franco's declaration, itself only implied from his conduct, could become competent against D'Agostino, D'Agostino must therefore have been otherwise shown to be acting in concert with De Franco, and that concert such that the declaration was apt to its execution. As nothing of the sort was shown, the case against him failed.

■ The evidence against the defendant Renda was adequate except for the character of the witness O'Shea. He was an accomplice, a morphine addict, and otherwise shown to be wholly devoid of credibility. Moreover, on the only occasions when he could be corroborated by other witnesses of the prosecution they contradicted what he said about Renda. His credibility was tenuous to the last degree. The accepted canon in such cases is that, when the evidence is substantial, the verdict is final. Humes v. U. S., 170 U. S. 210, 18 S. Ct. 602, 42 L. Ed. 1011; Burton v. U. S., 202 U. S. 344, 373, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Caminetti v. U. S., 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Pierce v. U. S., 252 U. S. 239, 251, 252, 40 S. Ct. 205, 64 L. Ed. 542; Hays v. U. S., 231 F. 106 (C. C. A. 8); Heitler v. U. S., 244 F. 140, 144 (C. C. A. 7). The Eighth circuit did indeed reverse a conviction because it was based upon evidence not unlike that now at bar (Sykes v. U. S., 204 F. 909), but this was in part at any rate based upon the clear error of supposing that the testimony of an accomplice must be corroborated. Dahly v. U. S., 50 F. (2d) 37, 44 (C. C. A. 8), was a similar ruling without reliance upon that apocryphal doctrine. Just what "substantial evidence" is courts have never declared, and probably cannot; when the suspicion arises because of the character and motives of the witness alone, the result must certainly be left to the jury. But here, as we have said, the testimony was in addition contradicted by the prosecution's own witnesses, though there was no inherent improbability in the story.

Ordinarily in criminal cases the protection of the accused ends with the cautionary admonition to the jury that they must be free from fair doubts; courts do not attempt to weigh the evidence by other scales than in civil causes. And yet the whole notion depends upon the graver consequences of a criminal prosecution, with its attendant requirement of more persuasive proof. Whether this should be reflected in a stiffer treatment of the evidence necessary to allow submission at all, is an open matter. We are not in agreement as to whether this is a case to intervene, but the majority believe that it falls within the ordinary canon, and that, since the result depended upon whom the jury believe, the verdict was conclusive.

Judgment reversed as to D'Agostino. Judgment affirmed as to Renda.