## SMITH v. UNITED STATES.

No. 6531.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1933.

W. R. Blain, of Beaumont, Tex., for appellant.

S. D. Bennett, U. S. Atty, of Beaumont, Tex.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was indicted under 18 US CA § 334, and convicted, of depositing or causing to be deposited in the United States mail an obscene letter for delivery to the person to whom it was addressed. The evidence establishes without conflict that the letter was deposited in the mail and delivered by a postman to the place of address. That it was obscene and therefore nonmailable does not admit of doubt. It is appellant's sole contention here that the evidence against him was insufficient to establish beyond a reasonable doubt that it was he who mailed the letter or caused it to be mailed. In support of that contention he assigns as error the refusal of the trial court to grant his motion for a directed verdict made at the close of the government's evidence in chief. After his motion was denied, appellant testified and introduced a number of witnesses in his defense, and there was also testimony for the government in rebuttal. There was no motion or request for a directed verdict at the close of all the evidence. The result is that the exception taken to the denial of the motion for a directed verdict at the close of the government's case in chief was waived by the subsequent introduction of evidence on behalf of appellant. Alderman v. United States (C. C. A.) 279 F. 259. The reason for this well-settled rule is that only by considering all the evidence, whether submitted in chief, in defense, or in rebuttal, can it be determined whether or not there is enough proof to sustain a verdict which may be rendered. The sufficiency of the evidence to support the verdict is therefore not properly presented for consideration. Notwithstanding this, and because of the seriousness of the charge and the severity of the sentence, we have examined the evidence and in our opinion the case as made was one which should have been submitted to the jury. It was open to the jury to find that the letter was in appellant's handwriting and from that circumstance to infer that he was responsible for the mailing of it; and that he appeared at a certain time and place, just exactly as the letter stated the writer would do, for the purpose of meeting the person to whom the letter was addressed. Assuming that the jury so found, as evidently they did, the facts and circumstances fully justified their verdict.

The judgment is affirmed.