CONDIC et al. v. UNITED STATES.

No. 6176.

Circuit Court of Appeals, Seventh Circuit.

June 23, 1937.

Rehearing Denied Aug. 2, 1937.

Edward T. Morris, of Chicago, Ill., for appellants.

Michael L. Igoe, U. S. Atty., and Earle C. Hurley and Harry N. Connaughton, Asst. U. S. Attys., all of Chicago, Ill., for the United States.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellants were indicted and convicted in the District Court of larceny of goods in interstate commerce, 18 U.S.C.A. § 409.

The indictment was in three counts. The first count charged them with theft of property while it was in the course of transportation in interstate commerce; the second count charged them with having received such property knowing it to have been stolen; the third count charged them with having possessed such property, knowing it to have been stolen. The jury found Condic and Capenegro guilty as to each count. It found Rosengard guilty as to the second and third counts and not guilty as to the first. Judgment was rendered in accordance with the verdict, with ten years imprisonment each for Condic and Capenegro, and five years for Rosengard. From this judgment each defendant appeals.

There is substantial evidence to support the following facts: About six o'clock p. m., on March 16, 1935, Lehnen, Satterly and Lindstrom, employees of the Decatur Cartage Company, left Chicago with a truck load of mixed merchandise consisting of drug supplies, candy, automobile tires and the like, consigned to merchants in St. Louis. The truck was driven by Lehnen; Lindstrom was riding beside the driver, and Satterly was in a bunk behind the driver.

At a point on route 66, about 16 miles east of Joliet, Illinois, a Ford V-8 automobile with three occupants, two of whom were later identified as Capenegro and Condic, drove up alongside the truck, and Capenegro commanded Lehnen to stop. Having a gun in his hand, which he pointed at Lehnen, he opened the door of the truck and thrust the gun to Lehnen's side. Lehnen and his companions were then informed that it was a "stick-up," and they were placed by Condic and his companions on the floor in the rear of the Ford V-8, and a blanket was thrown over them. In this condition they were driven to an old, abandoned building in Chicago, which was later ascertained to be located at 2241 South Cottage Grove avenue, where they were held prisoners until one o'clock the following morning. While there they sat on steps leading from the first floor to the basement, and were guarded by a man who stood on the top step with a gun in his hand. While thus seated Lehnen cut the initial of his first name on the backboard of one of the steps. This board was later removed and introduced in evidence.

While sitting on these steps Lehnen and his companions heard their truck being driven into the building, and heard the cartons being taken out of the truck and placed on the floor, and later heard their truck being driven out of the building. Subsequently they were ordered from the steps and to keep their heads down and not to look to either side as they left the building. They were further warned to be careful as they walked over a plank. This plank had been placed over a hole in the floor, caused by the truck breaking through as it came into the building.

After leaving the building they were again placed in the rear of the Ford V-8 and were taken away from that vicinity. While thus riding Lehnen tore a part of the upholstery from under the arm rest of the left side of the rear seat. After driving for some distance they were let out of the automobile and told that they would find their truck at a certain point on Canalport avenue, and there they found it. The Ford V-8 was later found by officers at 2228 South Cottage Grove avenue, and identified by the torn upholstery. Further investigation disclosed that the car belonged to Capenegro of 2936 Shields avenue, which he testified was his home.

Subsequently Lehnen and Satterly, with the aid of officers, located the building wherein they had been held prisoners, and it was identified by the broken hole in the floor and the initial which Lehnen had carved on the stair.

The officers entered this building by force through the front door and saw approximately 275 packages of merchandise stored therein, many of them having the identification marks obliterated by the use of black paint. They further found therein freight bills which Lehnen had with him in the truck at the time he was held up.

The officers remained concealed in this building about an hour, when they heard a truck in the rear and persons talking outside the rear doors which were locked with a padlock on the outside. Shortly thereafter the rear doors opened and appellants entered, Capenegro having the padlock and key in his hands. The officers confronted them and informed appellants that they were officers. Condic ran, and a shot from one of the officers halted him and he returned, and all of the appellants were placed under arrest. After the arrest the officers saw a truck of the Hollander Express and Van Company, in charge of Schultz, its employee, a short distance

from the doors through which appellants had entered. Earlier that day that company had received a telephone call requesting that a truck be sent to 2205 South Cottage Grove avenue for some merchandise. Schultz was there in response to that request. When he arrived he was met by Capenegro, who told him to back his truck up to the rear doors of 2241 Cottage Grove avenue as there was merchandise in that building to be loaded. Schultz also saw Condic and Rosengard there when he arrived. Satterly identified Condic, and Lehnen identified Capenegro as two of the men who held them up. Lindstrom had no opportunity of observing any of their faces. He was asleep in the bunk when the holdup occurred, and when he was aroused they approached him from the rear and ordered him not to look around.

■ This case does not require much discussion. Appellants first contend that the court erred in overruling a joint motion of the defendants, made at the conclusion of the government's evidence, to find the defendants not guilty. There are at least three reasons for not sustaining this contention: (1) There was no exception to the ruling; (2) the motion was not renewed at the close of all the evidence (see Heskett v. United States [C.C.A.] 58 F.(2d) 897; Smith v. United States [C.C. A.] 63 F.(2d) 110); and (3) the motion being joint it must have been good as to all or none. There was positive identification of Condic and Capenegro at the time of the theft, and although denied we can not weigh the evidence, hence the court rightly sent the case to the jury.

It is further contended by appellants that the verdict is not supported by the evidence and is contrary to law. From a perusal of the record we are convinced that the verdict is supported by an abundance of substantial evidence, and nothing of merit has been suggested to us to indicate that it is in any way contrary to law.

■ Appellants urge that the court erred in not permitting testimony as to the usage prevailing amongst warehousemen in Chicago, with reference to the ordering of vans for picking up merchandise. The error, if any, is not available because no exception was saved, and besides we fail to comprehend its materiality.

Judgment affirmed.