## SCHACKOW et al. v. GOVERNMENT OF THE CANAL ZONE.

### No. 9097.

Circuit Court of Appeals, Fifth Circuit.

Dec. 27, 1939.

---

Jones T. Prowell, of New Orleans, La., and Chauncey P. Fairman of Cristobal, Canal Zone, for appellants.

Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., and J. J. McGuigan, U. S. Atty., of Ancon, Canal Zone, for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Hans Heinrich Schackow and Ernest Robert Edward Kuhrig were tried and convicted in the District Court for the Canal Zone for unlawfully obtaining information affecting the national defense in violation of 50 U.S.C.A. § 31. Schackow and Kuhrig were tried separately but have jointly appealed.

All jurors who served on the two juries were either tenants or employees of the government. The appellants, relying on Title 6 Canal Zone Code, Sec. 350, contend that it was error to permit these employees and tenants to serve because of the existence of the relationship of landlord and tenant and master and servant between the jurors and the government.

A large majority of the citizens residing in the Canal Zone are tenants or employees of the government or one of its agencies. A careful reading of the enactment will disclose that in establishing a jury system for the Canal Zone, Congress was cognizant of the fact that jurors must, of necessity, be drawn almost entirely from tenants and employees. This clearly appears from Title 7 Canal Zone Code, Sec. 34, 48 U.S.C.A. § 1347, where it is provided that jurors may be drawn from among certain citizens and employees living in territory contiguous to the Canal Zone. To give the statute the construction insisted upon by the appellants would be tantamount to destruction of the jury system in the Canal Zone. Such a construction may not be read into the enactment. The Canal Zone Code does not disqualify employees or tenants of the government from serving as jurors in criminal cases. This relationship was not ground for peremptory challenge. Moreover, the court exercised great care to see that the substantial rights of the defendants were protected, and in both cases each juror was interrogated to ascertain if he possessed interest, bias, or prejudice before he was accepted. Cf. United States v. Wood, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78.

The appellants contend that certain articles published in newspapers outside the Canal Zone created an actual bias of individual jurors. The contention is without merit. The court carefully questioned each juror as to bias and whether or not they had been prejudiced by such articles, and

the record fails to disclose that any juror was biased or prejudiced.

The appellants further complain that they were not allowed sufficient time in which to properly prepare for trial. The record shows that the offense was committed on October 16, 1938, and that a preliminary hearing was held on October 20th. The information was filed in the District Court on November 5th, and the first trial was not begun until December 7, 1938. This would appear to be ample time to prepare for trial. Moreover, the denial of a motion for continuance lies within the sound discretion of the court, and it does not appear that discretion was abused in this case. Isaacs v. United States, 159 U.S. 487, 489, 16 S.Ct. 51, 40 L.Ed. 229.

On the morning of October 16, 1938, Schackow, Kuhrig, Gilbert Wilhelm Groos, and Miss Ingeborg Waltraunt Gutman, drove from Cristobal, Canal Zone, to Fort Randolph, a government military reservation. The entrance to the reservation was posted with signs prohibiting trespassing and showing that it was a government reservation. The sentry stopped the party at the gate, asked their destination, and inquired if they had cameras. The sentry was told that they had no camera and that they were going to the post exchange restaurant. At that time a high speed camera was in a bag on the floor of the car, and both Schackow and Kuhrig testified that their intention was to go all the way out to Galeta Island, which is a part of the military reservation.

The sentry checked and timed the car and when it did not return within an hour and a half he notified the Sergeant of the Guard. A search was ordered and the car was located 300 yards beyond the post exchange restaurant. The search then extended beyond the post proper into the outer regions of the reservation where the batteries, searchlights, and other secret installations of the first line of canal defense are located. The party was finally found about five miles away from the post. Two soldiers testified that on the way back to the post they saw Schackow concealing his camera under sea shells in a bag carried by Kuhrig.

It is admitted that the defendants took eight pictures while on the reservation.

General Richard C. Moore of the United States Army, and Commanders Holbrook Gibson and Gail Morgan of the United States Navy, after an examination of the pictures, gave testimony that they could be used to the injury of the United States and to the advantage of a foreign nation. The testimony of the officers was to the effect that all the pictures, in connection with other information, could be used against the safety of the Panama Canal, and that at least one of the pictures of secret first line defense installations could be used without supplemental data.

The defendants were citizens of Germany. Schackow, 27 years of age; Groos, a former German navy man, 26 years of age; and Miss Gutman, 19 years of age, were all employees of the Hapag-Loyd Line, a steamship company, and had been working in the Canal Zone for about one year. Kuhrig, 29 years of age, repaired typewriters and had been a resident of the Canal Zone for eight years. There is evidence that both Schackow and Kuhrig admitted to one Lieutenant Greenlee that they knew it was a serious offense to take a camera on a military reservation.

There was substantial evidence before the jury upon which to base a conviction. The request for a peremptory instruction of not guilty was properly refused. Crumpton v. United States, 138 U.S. 361, 11 S.Ct. 355, 34 L.Ed. 958; Beland v. United States, 5 Cir., 100 F.2d 289; Pullin v. United States, 4 Cir., 104 F.2d 57; Humes v. United States, 170 U.S. 210, 18 S.Ct. 602, 42 L.Ed. 1011.

The refusal of the court to give the special charges requested by the defendants was not error. A court is not required to use particular forms in charging a jury and is not bound to frame its instructions in language pleasing to counsel. Care was exercised by the court to safeguard and protect the rights of the defendants. The charge fully and fairly stated the law. This is all that is required. Coffin v. United States, 162 U.S. 664, 674, 16 S.Ct. 943, 40 L.Ed. 1109; McAdams v. United States, 8 Cir., 74 F.2d 37; Buie v. United States, 5 Cir., 76 F.2d 848; Mansfield v. United States, 8 Cir., 76 F.2d 224, 231.

We find no reversible error in the record. The judgment is affirmed.