John Barkley McDANIEL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15769.

United States Court of Appeals Fifth Circuit.

April 20, 1956.

**714**

Walter B. Fincher, Fincher & Pruitt, Atlanta, Ga., for appellant.

Charles D. Read, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Harvey H. Tisinger, J. Robert Sparks, Asst. U. S. Attys., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

PER CURIAM.

Convicted and sentenced on two counts of an indictment charging violations of Sec. 912, Title 18,[1] defendant has appealed, urging three grounds[2] of error. No claim is made, indeed none could be, that the evidence was insufficient. The government's evidence, that the defendant did commit the offenses charged, was positive and convincing, and the defendant offered no testimony.

The record standing thus, it was incumbent upon appellant to show clearly and convincingly that error of a prejudicial nature was committed, and this he wholly failed to do.

The claim of a mistrial, based upon the volunteered statement of a government witness, that he had the record of court martial convictions, was not such error, under the record, both because it had no bearing on the issue to be tried and was not sufficiently definite to reflect upon defendant, and because the court immediately instructed the witness not to volunteer information and gave full and adequate instructions to the jury to disregard the statement, Goldstein v. United States, 8 Cir., 63 F.2d 609; United States v. Potash, 2 Cir., 118 F.2d 54; Montgomery v. United States, 5 Cir., 203 F.2d 887; Coulston v. United States, 10 Cir., 51 F.2d 178; and Hilliard v. United States, 4 Cir., 121 F.2d 992.

Appellant's second claim of error, that his cross-examination was unduly limited, finds no support in the record. On the contrary, the district judge accorded him his right of cross-examination in fullest measure. If there was any abuse of discretion in the rulings, it was in the direction of giving defendant too much, instead of too little, latitude.

Appellant's final point against the charge finds a complete answer in the controlling decisions, in accordance with which the court charged, United States v. Leopwitch, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091, and United States v. Barnow, 239 U.S. 74, 77, 36 S.Ct. 19, 60 L.Ed. 155.[3]

The judgment was right. It is affirmed.

---

1. "§ 912. Officer or employee of the United States

"Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years, or both."

2. (1) The denial of his motion for mistrial; (2) The undue restriction of his cross-examination of the prosecuting witness; (3) That the charges of the court incorrectly submitted the issue to be tried.

3. Cf. Hart v. United States, 5 Cir., 112 F.2d 128; Knight v. U. S., 5 Cir., 123 F.2d 959.