**UNITED STATES of America,
Appellee,**

v.

**Frederick PORDUM, Frank C. Ludera,
Appellants.**

**Nos. 282, 283, Dockets 71–1894, 71–1895.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 10, 1971.

Decided Nov. 18, 1971.

---

William B. Mahoney, Buffalo, N. Y., for appellants.

James R. Richards, Atty. in charge, Buffalo Strike Force, U. S. Dept. of Justice, H. Kenneth Schroeder, Jr., U. S. Atty., for Western District of New York, for appellee.

Before KAUFMAN and MANSFIELD, Circuit Judges, and LEVET, District Judge.*

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Western District of New York (Henderson, J.) entered on June 16, 1971 after a jury trial convicting both defendants on one count, a bribery conspiracy. We affirm.

The appellants, Frederick Pordum and Frank C. Ludera, were accused in a four count indictment of violating Sections 2, 371 and 1952, Title 18, United States Code. The first count, the only one on which appellants were convicted, charged that appellants, along with an unindicted co-conspirator, one J. Lloyd Walker, conspired to use and cause others to use the facilities of interstate commerce and to promote, carry on and facilitate an unlawful activity of bribery in violation of Section 200.10 of the Penal Law of the State of New York, McKinney's Consol. Laws, c. 40; and of violating Section 371, Title 18, United States Code, alleging that they conspired, as members of the Erie County Legislature, to solicit and obtain bribes in return for the exercise of their official powers; all in violation of Sections 2, 371 and 1952, Title 18, United States Code. There is little dispute as to the facts.

The appellants argue, however, that (1) the court misconstrued the principle in United States v. Geaney, 2 Cir., 417 F.2d 1116 (1969), cert. den. 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970); (2) the court incorrectly admitted, subject to connection, the hearsay testimony of three persons, Messrs. Anderson, Stievater and Mueller, with respect to statements by Walker, a co-conspirator, but not a defendant; and (3) the court erred in denying the motion for a new trial based on newly discovered evidence. We find no merit in these arguments.

First, we find that the trial judge properly applied the conspiracy test enunciated in the *Geaney* case. In *Geaney* Judge Friendly articulated the guidelines that in a conspiracy trial, if hearsay be admitted subject to connection, the trial judge "must determine, when all the evidence is in, whether in his view the prosecution has proved participation in the conspiracy, by the defendant against whom the hearsay is offered, by a fair preponderance of the evidence independent of the hearsay utterances." If he has, then the utterances go to the jury for it to consider along with all the other evidence. In addition, the trial judge's finding of the existence of a conspiracy must be supported on reasonable grounds. United States v. Geaney, *supra*, 417 F.2d at 1120.

Judge Henderson correctly applied the *Geaney* test. After reviewing the testimony submitted by the prosecution, Judge Henderson found that a conspiracy existed and that a fair preponderance of the evidence, independent of hearsay utterances, established the par-

---

* United States District Judge for the Southern District of New York, sitting by designation.

ticipation of the two defendants in that conspiracy. He submitted his findings along with the other evidence to the jury (Tr.Rec. 374–375).

 The contentions by the defendants that there was no independent non-hearsay evidence and that the court made premature instructions to the jury conveying the impression that a conspiracy had already been established are not valid. Independent non-hearsay testimony was produced on the first count and the comments made by the trial judge after Walker's testimony were not premature instructions but merely an explanation to the jury as to the circumstances under which the testimony was being tentatively received.

Second, the court properly admitted, subject to connection, the testimony of Messrs. Anderson, Stievater and Mueller. After meeting the test in *Geaney* that there was sufficient independent non-hearsay evidence to prove participation in the conspiracy, the hearsay declarations of a co-conspirator are admissible insofar as they are made in furtherance of the conspiracy. United States v. Renda, 56 F.2d 601 (2d Cir. 1932). The finding that a defendant was a co-conspirator can be based solely on the non-hearsay assertions of another co-conspirator. See United States v. Jacobs, 431 F.2d 754, 760–761 (2d Cir. 1970), cert. den. 402 U.S. 950, 91 S.Ct. 1613, 29 L.Ed.2d 120 (1971); United States v. Calarco, 424 F.2d 657, 660 (2d Cir. 1970), cert. den. 400 U.S. 824, 91 S. Ct. 46, 27 L.Ed.2d 53 (1970); United States v. Corallo, 413 F.2d 1306, 1323 (2d Cir. 1969), cert. den. 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 422 (1969).

Third, the court's denial of the motion for a new trial was proper. Although the appellants allege that there was newly discovered evidence which would have induced them to call a certain witness (one Cottrell) to the stand, this evidence was no more than an extension of what they already knew. The appellants had known of statements and testimony made prior to and during trial by this witness but on account of their trial strategy elected not to call the witness to testify. To permit the appellants to change their strategy after an adverse verdict would be improper.

Affirmed.