**UNITED STATES of America, Appellee,**

v.

**Gary ZIEGLER, Defendant-Appellant.**

**No. 1183, Docket 78–1130.**

United States Court of Appeals,
Second Circuit.

Argued July 18, 1978.
Decided Aug. 24, 1978.

Robert B. Fiske, Jr., U. S. Atty., New York City (Patricia Anne Williams, Richard D. Weinberg, Howard W. Goldstein, Asst. U. S. Attys., New York City), for United States.

Michael Young, New York City (Goldberger, Feldman & Dubin, New York City), for appellant Ziegler.

Before MESKILL, Circuit Judge, and DUMBAULD * and PORT,** District Judges.

## OPINION

DUMBAULD, District Judge.

Appellant Gary Ziegler was convicted both of conspiracy (Count I) to distribute heroin, and of the substantive offense of distribution (Count II), in violation of 21 U.S.C. § 846, and of 21 U.S.C. § 841(a)(1).[1] He was sentenced by Judge Kevin T. Duffy on March 16, 1978, to ten years imprisonment on each count, to run concurrently, to be followed by a special parole term of three years.[2]

Appellant contends that the admission of hearsay evidence and the declarations of a co-conspirator was erroneous and prejudicial. We are satisfied that this evidence was damaging to appellant; if it was erroneously admitted, we cannot conclude that it was harmless error.

Appellant's brother, an indicted co-conspirator, actually sold the heroin to the government agent (in company with Green, an informer with a criminal record). The sale was not made until after Green had made contact with appellant, who authorized the transaction and talked to his brother by telephone. The brother's statements constituted an important segment of the Government's case. Appellant refused to meet the government agent directly but was willing to do business through Green, who was apparently considered as being trustworthy by appellant.

The law regarding admissibility of declarations made by co-conspirators is well settled. The existence of a conspiratorial relationship between the declarant and the defendant must be established *aliunde* by independent evidence before the declarant's statements are admissible against the defendant. This rule rests on principles of the law of agency, where the existence of the agency relationship can not be proved by the alleged agent's own bootstrap assertion.

In a frequently quoted statement by Mr. Justice Pitney in *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 249–50, 38 S.Ct. 65, 72, 62 L.Ed. 260 (1917), it is explained that:

> In order that the declarations and conduct of third parties may be admissible . . . ., it is necessary to show by independent evidence that there was a combination between them and defendants, but it is not necessary to show by independent evidence that the combination was criminal or otherwise unlawful. The element of illegality may be shown by the declarations themselves. The rule of evidence is commonly applied in criminal cases, but is of general operation; indeed, it originated in the law of partnership. It depends upon the principle that when any number of persons associate themselves together in the prosecution of a

---

* The Hon. Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

** The Hon. Edmund Port, Senior District Judge of the Northern District of New York, sitting by designation.

1. As the actual sale of heroin was made by a co-defendant, Gary Ziegler's conviction as a principal on the substantive offense was pursuant to 18 U.S.C. § 2. Heroin is a controlled substance under 21 U.S.C. § 812.

2. Sentence was imposed pursuant to 21 U.S.C. § 841(b)(1)(A).

common plan or enterprise, lawful or unlawful, from the very act of association there arises a kind of partnership, each member being constituted the agent of all, so that the act or declaration of one, in furtherance of the common object, is the act of all, and is admissible as primary and original evidence against them . . .

Upon a kindred principle, the declarations and conduct of an agent, within the scope and in the course of his agency, are admissible as original evidence against the principal, just as his own declarations or conduct would be admissible.

■ The determination whether the existence of the conspiracy and the membership in it of the witness and the defendant has been established by independent evidence is a preliminary question, a condition precedent to the admission of the declarations of the co-conspirator. Hence it is an evidentiary ruling, to make which falls within the province of the trial judge. Rule 104, Federal Rules of Evidence.

■ As a concession to the practicalities of proof, since an entire case can not be put in simultaneously but must proceed in sequence, the trial court in its discretion may admit a particular piece of evidence "subject to connection"; but if at the close of the Government's case the connection has not been proved, the court must, upon motion, strike the insufficiently connected item and direct the jury to disregard it. *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969), *cert. denied*, 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970).

In this Circuit the general rule is lucidly stated in language undoubtedly emanating from the legendary Learned Hand:

The declarations of one party to a concerted mutual venture are admitted against the rest on the notion that they are acts in its execution. In so far as they are such, they are authorized by all, and are treated as their admissions. However, obviously the declaration cannot prove the authority any more than that of an agent. The party to be implicated must be shown independently to be in fact a party to the venture; else there is no authority to act for him.[3]

Moreover, as intimated by Judge Hand in *Dennis*,[4] it is the trial judge who must make the preliminary determination as to admissibility. Whether or not the defendant is given a "second bite at the apple" as was done in *Dennis, supra*, 183 F.2d at 231, and as is sometimes done by judges in this Circuit, *see* 1 J. Weinstein & M. Berger, Commentary on Rules of Evidence ¶ 104[05](2), at 104–39 to 104–45 (1976), the judge can not abdicate his responsibility to take the first bite. This was made crystal-clear in *United States v. Geaney, supra*, 417 F.2d at 1119–20.

■ The trial judge in the case at bar (evidently being even a more devoted aficionado of jury trial than the late Justice Hugo Black) although aware of this Court's holding in *Geaney* chose to disregard it because he disagreed with it. Accordingly he admitted all proffered declarations of co-conspirators subject to connection, without at any time making any preliminary finding[5] based on non-hearsay evidence,

---

3. *United States v. Renda*, 56 F.2d 601, 602 (2d Cir. 1932) (citations omitted). See also *Van Riper v. United States*, 13 F.2d 961, 967–68 (2d Cir. 1926), *cert. denied* 273 U.S. 702, 47 S.Ct. 102, 71 L.Ed. 848 (1926); and *United States v. Dennis*, 183 F.2d 201, 231 (2d Cir. 1950), aff'd 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951).

4. Footnote 3, *supra*.

5. In some cases in this Circuit, the Court has been willing to infer that this finding was made implicitly when the trial judge denied the defendant's motion for a directed verdict of ac-

quittal. *United States v. Green*, 523 F.2d 229, 233 n. 4 (2d Cir. 1975), *cert. denied*, 423 U.S. 1074, 96 S.Ct. 858, 47 L.Ed.2d 84 (1976); *United States v. Baker*, 419 F.2d 83, 88–89 (2d Cir. 1969), *cert. denied*, 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1970); *Geaney, supra*, 417 F.2d at 1120; *United States v. Ragland*, 375 F.2d 471, 479 (2d Cir. 1967), *cert. denied*, 390 U.S. 925, 88 S.Ct. 860, 19 L.Ed.2d 987 (1968); *United States v. Stromberg*, 268 F.2d 256, 266 (2d Cir.), *cert. denied*, 361 U.S. 863, 80 S.Ct. 119, 4 L.Ed.2d 102 (1959). Where, as here, the district judge declines to make the determination when asked to do so and expresses his disa-

that the conspiratorial relationship between the witness and the appellant had been sufficiently established by independent evidence *aliunde* to warrant admission of such declarations.[6] This was error, and harmful, since it foreclosed appellant from the possibility of obtaining a preliminary determination in his favor without the danger of disclosing to the jury the contents of the declarations offered by the Government.

It may well be, as the Government cogently argues (Brief, pp. 15–16), that there was sufficient non-hearsay evidence in the record[7] to sustain a *Geaney* ruling by Judge Duffy to admit the evidence, if he had made such a ruling. We need not now be concerned with that issue, since he refused to make such a ruling.

■ We conclude also that it was error to admit the hearsay involved in permitting the government agent to repeat on the witness stand the statements made to him by the informer Green purporting to embody admissions made by appellant in conversations with Green.[8] Green, who testified, might himself properly narrate such admissions, and his credibility was for the jury. But it is an attempt to obtain illegitimate corroboration for Green's testimony to rehearse his prior consistent statements to the government investigator. Green had a criminal record, and his credibility could not properly be bolstered by his possibly self-serving statements to the Government. These utterances were not appropriate "background" material, permitted by the rule enunciated in *United States v. Lubrano*, 529 F.2d 633, 637 (2d Cir. 1975). In that case a police officer testified that he told his informant to go and meet with a drug

greement with controlling Second Circuit precedent, we must resolve any remaining ambiguity in favor of the accused.

**6.** *Geaney* also makes plain that the quantum of non-hearsay evidence required for admissibility is simply a fair preponderance (not the reasonable doubt standard or even that required to go to the jury at the close of the Government's case). 417 F.2d at 1119. Here too the trial judge erred, though in favor of the defendant. Tr. 539–40, pp. 26–27 of appellant's appendix. This Court has "repeatedly reaffirmed the *Geaney* formulation of a 'fair preponderance' of non-hearsay evidence as the quantum of proof which must be established before the hearsay declarations of associates in the illicit venture may be admitted against the defendant." *United States v. Glazer*, 532 F.2d 224, 228–29 (2d Cir. 1976), *cert. denied*, 429 U.S. 844, 97 S.Ct. 123, 50 L.Ed.2d 115 (1976). This Court there explicitly rejected the argument that a stricter standard is intimated by a dictum in *United States v. Nixon*, 418 U.S. 683, 701 n. 14, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974) where it was said that "As a preliminary matter, there must be substantial, independent evidence of the conspiracy, at least enough to take the question to the jury. . . . Whether the standard has been satisfied is a question of admissibility of evidence to be decided by the trial judge." In the *Nixon* case the Supreme Court had no occasion to focus its attention on the question as to what quantum of proof *aliunde* would suffice to enable the trial judge to make his preliminary ruling on admissibility.

**7.** This evidence consisted of appellant's own statements as reported in the testimony of the informer Green. Likewise "Michael Ziegler knew prior to Green's conversation with Gary Ziegler what Green and Rodriguez wanted, but sold the heroin to them only after first directing them to Gary Ziegler. . . . This circumstantial evidence clearly showed that Gary Ziegler's permission was necessary for the transaction to proceed." Govt. Brief, p. 16.

**8.** In light of the extensive discussion of this aspect of the hearsay rule in the recent decision of this Court in *United States v. Check*, 582 F.2d 668 (2d Cir. 1978), further discussion here is unwarranted. The government seeks to distinguish *Check* on the ground that there the informant did not testify and submit to cross-examination as Green did. The government acknowledges that this does not change the hearsay nature of the evidence, but argues that it reduces the prejudice to the accused. We are not persuaded by this argument. The government's case rested almost entirely on Green's credibility, and the agent's testimony improperly bolstered that credibility. Thus, although the prejudice may not have been as great as it was in *Check*, we still cannot be "sure that the error did not influence the jury or that it had but [a] very slight effect." *Check, supra*, at 684. The other basis on which the government seeks to dismiss the error as harmless is that the bulk of its case consisted of the declarations of appellant's brother and co-conspirator Michael. This argument is deprived of any substance it might otherwise have had by the error we have found in connection with the admission of those declarations.

dealer. The Court said this was inadmissible to prove the truth of the matter asserted, but was admissible to aid the jury in understanding the background leading up to the meeting between the informant and the dealer. Obviously, *Lubrano* does not support the admissibility of statements by the informant, to the police officer, about what the dealer said during the course of the meeting.[9]

■ Since a retrial is necessary, it should be mentioned that caution is required regarding the evidence about appellant's conversation with Green at a basketball game many years before the crime charged in this indictment. This evidence is highly harmful to appellant in that it suggests that appellant has been involved in selling drugs for almost a decade and characterizes him as the sort of person who would sell heroin to junior high school students. Hence this evidence should not be admitted unless a sufficient showing has been made, on the state of the record at the time it is offered, to demonstrate the appropriateness of its admission for some proper purpose. We are not intimating that under no possible circumstances could this evidence be admissible for some proper purpose, but believe that in the trial below an adequate showing was not made, and hence appellant suffered prejudice.

For the foregoing reasons the judgment of the District Court is reversed, and the case remanded for a new trial.

---

**9.** *The agent's instructions to the informer* to attempt to purchase cocaine from the defendant constituted the "background" permitted in *Lubrano.* In the case at bar *the informer's narration to the agent* repeating alleged statements by defendant to the informer was improperly permitted as part of the agent's testimony.