**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3111
_____

UNITED STATES OF AMERICA

v.

CHIKEZIE ONYENSO,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  2-12-cr-00602-001)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

Before:  RENDELL, HARDIMAN, and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: June 29, 2015)
_____

O P I N I O N*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, <u>Circuit Judge</u>:

Chikezie Onyenso appeals from his conviction of one count of conspiracy to violate the Anti-Kickback Statute, under 18 U.S.C. § 371, and one count of receiving kickbacks, under 42 U.S.C. § 1320a-7b(b)(1)(A). Onyenso urges several errors by the District Court: (1) it improperly admitted certain testimony under the co-conspiracy exception to the hearsay rule, as background testimony, and as business records; (2) it failed to take judicial notice of a financial reporting regulation; (3) it admitted testimony about the public policy behind the Anti-Kickback Statute; (4) it improperly denied his motion for a mistrial; and (5) cumulative error by the District Court.[1] We will affirm.

## I. BACKGROUND

Chikezie Onyenso, a medical doctor practicing in New Jersey, received kickbacks from Orange Community MRI ("OCM") for referring patients to OCM for diagnostic tests. OCM employees Dr. Ashokkumar Barbaria, Chirag Patel, Faisal Paracha, and Krunal Banker devised and operated the kickback scheme. Beginning in mid-2010, Onyenso received $50 for each MRI referral of a Medicaid or Medicare patient, $75 for each MRI referral of a patient with private insurance, and $40 for each CAT scan referral. Onyenso also requested that OCM enter into a monthly lease agreement of $1490.45 in exchange for fifty to sixty ultrasound referrals per month. In the summer of 2011, federal law enforcement agents confronted OCM employee Banker about the kickback system. Banker admitted his role in the scheme and agreed to cooperate with law enforcement.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231; this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

On two occasions over the next few months, Banker videotaped Onyenso accepting cash payment for referrals made to OCM pursuant to the kickback agreement.

## II. ANALYSIS

### A. Hearsay[2]

#### 1. Co-conspirator Statements

The District Court did not abuse its discretion by conditionally admitting Patel's testimony regarding kickbacks made to other doctors prior to the charged conspiracy and Banker's testimony regarding the list of doctors involved in the kickback scheme. Onyenso objected at trial that Banker's testimony that Paracha had shown him a list of doctors to be paid was hearsay. Onyenso also objected to Patel's testimony about payments to doctors occurring before the charged conspiracy as irrelevant. The District Court conditionally admitted these statements as background information or under the co-conspirator exception of Federal Rule of Evidence 801(d)(2)(E), subject to proof of the required elements by the close of evidence.

Because both pieces of evidence were properly admitted as background information or under Federal Rule of Evidence 801(d)(2)(E), neither implicates the Confrontation Clause. In *United States v. Price*, we held that certain background information can serve a "legitimate non-hearsay evidentiary purpose" and thus be admissible. 458 F.3d 202, 210 (3d Cir. 2006). Here, the legitimate purpose of Patel's

---

[2] We review challenges to the admission of evidence for abuse of discretion. *See United States v. Christie*, 624 F.3d 558, 567 (3d Cir. 2010). The District Court's factual findings are reviewed for clear error. *See United States v. Turner*, 718 F.3d 226, 231 (3d Cir. 2013).

testimony about conduct occurring before the charged conspiracy was to provide information about why and how Patel developed and operated the kickback scheme. The testimony was therefore not hearsay—because it was offered as background rather than for truth of the matter asserted—and non-hearsay statements "raise[] no Confrontation Clause concerns." *Tennessee v. Street*, 471 U.S. 409, 414 (1985).

Evidence constituting "business records or statements in furtherance of a conspiracy" which are "by their nature . . . not testimonial" also does not implicate the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36, 56 (2004). Instead, admission of such evidence is governed by the Federal Rules of Evidence. *See United States v. Figueroa*, 729 F.3d 267, 276 & n.14 (3d Cir. 2013) (co-conspirator statement); *United States v. Baker*, 458 F.3d 513, 519 (6th Cir. 2006) (business records). Under the Federal Rules of Evidence, a statement is not treated as hearsay if it is "offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). In order for a statement to be properly admitted as a co-conspirator statement, "the Government must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy." *Turner*, 718 F.3d at 231.

The court may conditionally admit evidence under Rule 801(d)(2)(E), provided the government makes the necessary showing *by the close of its case*. *United States v. Ammar*, 714 F.2d 238, 246-47 (3d Cir. 1983). The District Court's conditional admission

4

of the challenged evidence was therefore procedurally sound. The District Court

concluded that the government had carried its burden under Rule 801(d)(2)(E) by the

close of its case, and we do not find that ruling to be an abuse of discretion.[3]

## 2. Handwritten Notes

The District Court did not abuse its discretion in admitting Banker's three

handwritten notes under the Federal Rule of Evidence 803(6) business record exception.

These handwritten lists showed the amount of kickbacks paid to each doctor for

September through November 2011. A party seeking to admit evidence as a business

record must lay a foundation with a qualified witness who will testify that: (1) the

declarant in the records had knowledge to make accurate statements; (2) the declarant

recorded the statements contemporaneously with the actions which were the subject of

the reports; (3) the declarant made the record in the regular course of the business

activity; and (4) such records were kept regularly by the business. *See United States v.*

*Furst*, 886 F.2d 558, 571 (3d Cir. 1989). The District Court concluded that Banker's

notes met these four requirements: Banker kept these notes every month for over two

---

[3] Onyenso argues that admission of this testimony also violated Federal Rules of Evidence 404(b) and 1002. Because he did not raise these objections at trial, we review them for plain error. *See Christie*, 624 F.3d at 567. The District Court's admission of Banker's testimony that Onyenso was on the list of kickbacks from before the charged conspiracy did not violate Rule 404(b) because there were non-propensity reasons for its admission, including prior knowledge and relationship to the conspiracy. *See* Fed. R. Evid. 404(b)(2). Nor did admission of Banker's testimony regarding the contents of Paracha's notes violate Rule 1002, as Rule 1002 is not violated by the testimony of a witness who has personal knowledge of the contents of a destroyed writing. *See* Fed. R. Evid. 1004; *United States v. Ross*, 33 F.3d 1507, 1513-14 (11th Cir. 1994).

years in order to maintain the accuracy of his payments, and any concern regarding the trustworthiness of the records was mitigated by Banker testifying at trial.

Onyenso's arguments regarding the notes' admissibility under Rule 803(6) are primarily reiterations of those put forth in his motion in limine. He argues that the notes were not created as a regular practice or in the ordinary course of business because they were created at the request of law enforcement. However, Banker testified that he had a regular practice of creating the notes—a practice that stretched back two-and-a-half years. Onyenso also points to discrepancies between Banker's description of the notes and their actual appearance and claims the notes are not reliable. Again, the minor inconsistencies Onyenso emphasizes only affect the weight of the evidence, not its admissibility. *See United States v. Sokolow*, 91 F.3d 396, 403-04 (3d Cir. 1996). Finally, the evidence at trial showed the lists were reliable: they were used to calculate kickbacks to doctors, reviewed monthly by Patel and Barbaria, discussed by Banker and Patel in a recorded conversation, relied upon by Banker when he delivered kickbacks to Onyenso, and were consistent with OCM's patient lists.

### B. Judicial Notice[4]

The District Court did not abuse its discretion by refusing to take judicial notice of 31 C.F.R. § 1010.330(a) or its application to OCM employee Patel. During Patel's cross-examination, Onyenso attempted to suggest that Patel violated § 1010.330(a), which contains tax reporting requirements for the receipt of cash, by failing to report to the IRS

---

[4] We review the District Court's decision regarding judicial notice for abuse of discretion. *See United States v. Mitchell*, 365 F.3d 215, 251 (3d Cir. 2004).

that he had received cash in excess of $10,000 for the purpose of making kickback payments. Onyenso argues that the District Court's failure to take judicial notice of § 1010.330(a) prevented him from fully cross-examining Patel. Judicial notice is governed by Federal Rule of Evidence 201(b): "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicial notice requires a "high degree of indisputability." Fed R. Evid. 201 advisory committee's note. Here, Patel was never charged with violating § 1010.330(a), and the government argues that the regulation does not even apply to Patel. Because it is disputable whether Patel violated § 1010.330(a) or if the regulation even applies, the District Court's refusal to take judicial notice of § 1010.330(a) did not constitute an abuse of discretion.

### C. Expert Testimony[5]

The District Court did not abuse its discretion by admitting expert testimony regarding the purposes of the Anti-Kickback Statute. The government's expert, Jean Stone, testified that Medicare does not allow the payment of claims tainted by kickbacks because it undermines the basic doctor/patient relationship, incentivizes and encourages overutilization, provides an unfair advantage to providers who accept kickbacks, and increases healthcare costs. Onyenso argues that admission of this testimony was erroneous and prejudicial. Informing the jury about the purpose of a statute is

---

[5] Again, we review challenges to the District Court's admission of evidence for abuse of discretion. *See Christie*, 624 F.3d at 567.

7

permissible, although in some cases that purpose can be irrelevant and unduly prejudicial. *See United States v. Haynes*, 16 F.3d 29, 32-33 (2d Cir. 1994); *United States v. Denny*, 939 F.2d 1449, 1453-54 (10th Cir. 1991); *United States v. Perez*, 702 F.2d 33, 37-38 (2d Cir. 1983). We find no such prejudice here, and, given the persuasive opinions from other circuits that permit the jury to be told about statutory purpose, the District Court's admission of Stone's testimony did not amount to an abuse of discretion.

### D. Mistrial[6]

The District Court's denial of Onyenso's motion for a mistrial based on Banker's and Patel's testimony was not erroneous. Onyenso moved for a mistrial during Patel's testimony regarding the commencement of the conspiracy. Onyenso argues that Banker's and Patel's testimony about events occurring before the charged conspiracy was used by the government to taint the jury's deliberations with hearsay accusations that Onyenso had been receiving kickbacks since 2008. The District Court admitted this testimony as statements of a co-conspirator and as background of the conspiracy, as discussed above. When reviewing the denial of a mistrial based on prejudicial testimony, three factors are considered: (1) whether the witness's remarks were pronounced and persistent, creating a likelihood they would mislead and prejudice the jury; (2) the strength of the other evidence; and (3) curative action taken by the district court. *Riley*, 621 F.3d at 336. However, Onyenso's motion for a mistrial is based on the same testimony of Banker and

---

[6] We review challenges to the denial of a mistrial motion based on a witness's allegedly prejudicial comments for abuse of discretion. *See United States v. Riley*, 621 F.3d 312, 335-36 (3d Cir. 2010).

8

Patel that we determined above was properly admitted. Because we found that this evidence was properly admitted, there is no basis for a mistrial.

### E. Cumulative Error[7]

Finally, Onyenso has not demonstrated cumulative error by the District Court. On a cumulative error challenge, this Court reviews the record to determine if the alleged errors, when combined, so infected the jury's deliberations as to have had a substantial influence on the outcome of the trial. *United States v. Copple*, 24 F.3d 535, 547 n.17 (3d Cir. 1994). Because Onyenso did not raise this challenge before the District Court, it is reviewed for plain error. As we conclude above, Onyenso failed to show any District Court error rising to the level of abuse of discretion. He therefore necessarily failed to meet the even higher standard of plain error.

## III. CONCLUSION

For the foregoing reasons, we will affirm Onyenso's conviction.

---

[7] Objections not specifically raised in the District Court are reviewed for plain error. *See Christie*, 624 F.3d at 567.