UNITED STATES of America, Plaintiff,

v.

N. V. NEDERLANDSCHE COMBINATIE VOOR CHEMISCHE INDUSTRIE et al., Defendants.

No. 68 Cr. 870 (DNE).

United States District Court,
S. D. New York.

June 3, 1977.

Donald A. Kaplan, Dept. of Justice, Washington, D. C., for plaintiff.

Rogers, Hoge & Hills, New York City, for defendant John A. Massaut (Covington & Burling, Washington, D. C., of counsel).

Turk Marsh, Kelly & Hoare, New York City, for defendant Harry Y. de Schepper.

Covington & Burling, Washington, D. C., for defendants N.V. Amsterdamsche Chininefabriek, N.V. Nederlandsche Kininefabriek, Bandoengsche Kininefabriek Holland N.V., ACF Farmaceutische Groothandel N.V. and N.V. Bureau Voor Der Kinineverkoop "Buramic."

## MEMORANDUM

EDELSTEIN, Chief Judge:

This memorandum is occasioned by a government motion, dated March 10, 1977, that the court reconsider its order of February 28, 1977 denying the government leave to dismiss the indictment against several individual and corporate defendants in the above-captioned case. The government states two grounds for its motion for reconsideration: "(1) the bases upon which the Court denied the motion are not legally sufficient, and (2) there is virtually no possibility that these defendants could ever be brought to trial."[1] None of the defendants affected by the court's order of February 28, 1977 has submitted papers on the instant motion.

■ The government's first ground for reconsideration is a restatement of its belief that this court does not possess the discretionary authority to deny the government's motion to dismiss these indictments. The government provides the court with citation to two Fifth Circuit decisions[2] rendered after the filing of the government's motion

to dismiss which purportedly support the government's position. Although not cited in the court's opinion of February 28, 1977, those cases were considered by the court. Additionally, Fifth Circuit decisions are not controlling in this district. However, even were those cases controlling in this district, the court could not accept the government's contention that they limit the trial court's discretion under Rule 48(a) of the Federal Rules of Criminal Procedure in the manner suggested by the government. Both of the cases reaffirm the trial court's responsibility to deny leave to dismiss indictments where, as here, dismissal would clearly be contrary to the public interest.[3]

■ The indictment in this case alleges a criminal conspiracy which, concerning as it does an essential lifesaving drug, directly threatens the public weal. The effects of the alleged conspiracy have been described by the late Senator Hart as "literally a matter of life and death."[4] Former Assistant Attorney General in charge of the Antitrust Division, Donald F. Turner, testified as follows concerning this alleged conspiracy: "I would expect full cooperation and almost singlemindedness of view in . . . the Justice Department . . . in the interests of endeavoring to solve this situation by any means available."[5] The court finds support in such statements that to allow the government unilaterally to terminate a nine-year old indictment of the greatest public significance would be "clearly contrary to manifest public interest."[6] If denial of the government's motion to dismiss based on such findings as are embodied in the court's opinion of February 28, 1977 is beyond the court's authority under Rule 48(a), the court's responsibility

1. United States Notice of Motion for Reconsideration.

2. *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975), *cert. denied sub nom., United States v. Woodruff*, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976); *In re Washington*, 5 Cir., 531 F.2d 1297, *aff'd en banc*, 544 F.2d 203 (5th Cir. 1976).

3. *United States v. Cowan, supra* at 512; *In re Washington*, 531 F.2d at 1301.

4. Prices of Quinine and Quinidine: Hearings before the Subcommittee on Antitrust and Monopoly of the Committee of the Judiciary, United States Senate, 89th Cong., 2d Sess. 1 (1966).

5. Prices of Quinine and Quinidine: Hearings before the Subcommittee on Antitrust and Monopoly of the Committee of the Judiciary, United States Senate, 90th Cong., 1st Sess. 233 (1967).

6. *United States v. Cowan, supra* at 513.

as announced in that rule is indeed nugatory.

 In its motion for reconsideration, the government now couches its arguments in the constitutional framework of the doctrine of "Separation of Powers." The Constitution's establishment of "Separation of Powers" prevents a court from interfering with the executive decision to commence a criminal prosecution. *United States v. Cox*, 342 F.2d 167 (5th Cir.), *cert. denied*, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). An indictment having been returned, however, the decision to terminate the prosecution is not exclusively within the province of the executive. The "leave of court" requirement in Rule 48(a) was clearly intended to change the then existing law that the prosecutor could dismiss a case solely in his discretion without any action by the court.[7] The effect of Rule 48(a) necessarily turns what was once solely the prerogative of the executive into a shared responsibility between the executive and judicial branches of government. Where the court is convinced that the executive has failed in its responsibility in seeking to dismiss a criminal prosecution, it is the duty of the court to seek to remedy that failure. The government's contention that the court is constitutionally constrained to grant leave to dismiss the indictment is without merit.

The government's second ground for reconsideration is equally without merit. The government's contention that there is virtually no possibility that these defendants could ever be brought to trial is mere conjecture. The pleas of guilty and *nolo contendere* entered by other defendants in this case, as well as the arrest and detention of defendant Massaut, indicate to the court that a vigorous prosecution of this indictment is possible. Moreover, this government contention was explicitly rejected by the February 28, 1977 memorandum decision, and the court is not persuaded that it should be reconsidered.

7. Notes of Advisory Committee on Rule 48(a) of the Federal Rules of Criminal Procedure.

8. This standard for motions for reargument, found in Rule 9(m) of the General Rules of

 The government's motion for reconsideration sets forth absolutely no facts or controlling decisions which the court has overlooked.[8] Government counsel merely resubmits positions already rejected by the court under papers styled Notice of Motion for Reconsideration. Such total disregard for the procedures of this court is disheartening. The government's motion for reconsideration is denied.

So ordered.

United States District Courts for the Southern and Eastern Districts of New York, is equally applicable to criminal cases as it is to civil.