UNITED STATES of America

v.

**Donald PAYDEN, Eugene Coleman and Anthony Grant, Defendants.**

**No. SS 84 Cr. 566 (DNE).**

United States District Court, S.D. New York.

Dec. 16, 1985.

Rudolph W. Giuliani, Asst. U.S. Atty., S.D.N.Y. (John K. Carroll, Asst. U.S. Atty., New York City, of counsel), for U.S.

Robert L. Herbst, New York City, for defendant Anthony Grant.

## OPINION AND ORDER

EDELSTEIN, District Judge:

The court granted the government's request to reconsider the decision excluding from evidence statements made by defendant Anthony Grant ("Grant") to Special Agent Marvin Siegel ("Siegel"). The court's decision is contained in an Opinion and Order dated November 26, 1985, 622

F.Supp. 915. ("Nov. 26 Opinion"). Familiarity with that opinion is assumed. For the reasons set forth in the Nov. 26 Opinion and herein, Grant's statements may not be introduced into evidence.

## DISCUSSION

After the court granted the government's request to reconsider the Nov. 26 Opinion, it conducted a hearing outside the presence of the jury on November 29, 1985 to afford itself an opportunity to judge the demeanor of Agent Siegel and also to preserve his testimony. Siegel appeared at the hearing, placing on the record his testimony regarding the meetings with Grant on July 19, 1984 and July 25, 1984.[1]

The government contends that the court should permit Grant's statements to be introduced into evidence based on three theories. First, that there is sufficient independent non-hearsay evidence linking Payden and Grant to the conspiracy charged in the indictment; second, that the statements which are admissions as to Grant are also admissible as to Payden and Coleman as declarations against interest or under the "catch-all" exception to the hearsay rule; and third, that the court may consider Grant's statements for purposes of determining whether Grant and Payden were members of the same conspiracy.

## I. USE OF GRANT'S STATEMENTS IN MAKING *GEANEY* DETERMINATION

■ The government argues that the court can consider Grant's statements,[2] even if they are hearsay, in making the finding required by *United States v. Geaney,* 417 F.2d 1116 (2d Cir.1969), *cert. denied,* 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970). *Geaney* requires the court to find the "participation in the conspiracy, by the defendant against whom the hearsay is offered, by a fair preponderance of the evidence independent of the hearsay utterances" *Id.* at 1120. This requirement of independent non-hearsay evi-

---

1. These meetings were described in two DEA forms which were included in two memoranda submitted by the government as part of its original motion.

2. These statements are set forth in the Nov. 26 Opinion at 5 n. 3.

dence is consistent with a 1942 Supreme Court case which addressed the issue whether the hearsay that is sought to be admitted against alleged co-conspirators may be used in making the *Geaney* type finding. The Court, in *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), stated that the coconspirator declarations "are admissible over the objection of an alleged conspirator, who was not present when they were made, only if there is proof *aliunde* that he is connected with the conspiracy" because otherwise "hearsay would lift itself by its own bootstraps to the level of competent evidence." *Id.* at 74–75, 62 S.Ct. at 467. This was one basis for this court's original decision. Nov. 26 Opinion at 7 & n. 4.

The government, in essence, argues that Rule 104(a) of the Federal Rules of Evidence overruled *Glasser* and thus permits the court to consider the hearsay. Rule 104(a) provides that "[p]reliminary questions concerning ... the admissibility of evidence shall be determined by the court.... In making its determination it is not bound by the rules of evidence except those with respect to privileges." While conceding that eight circuits reject this argument,[3] the government cites to one foot-

note in a Second Circuit opinion that merely raises the issue, *United States v. Cicale*, 691 F.2d 95, 103 n. 3 (2d Cir.1982), *cert. denied*, 460 U.S. 1082, 103 S.Ct. 1771, 76 L.Ed.2d 344 (1983) ("[w]e need not decide whether Fed.R.Evid. 104(a) permits a *Geaney* finding based on hearsay which is inadmissible under the Federal Rules."), definitive support in one circuit, *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir.1979), cert. denied, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 319 (1980), and cases in two circuits which have, according to the government, "indicated some amenabilty to the statement's use," *United States v. Martorano*, 561 F.2d 406, 408 (1st Cir. 1977), *cert. denied*, 435 U.S. 922, 98 S.Ct. 1484, 55 L.Ed.2d 515 (1978); *United States v. Cryan*, 490 F.Supp. 1234, 1241 (D.N.J.), *aff'd*, 636 F.2d 1211 (3d Cir.1980).[4]

While all circuits admittedly do not agree on this issue, this court is bound by decisions of the Second Circuit. Although *Cicale* posed the question as to the use of Rule 104(a), cases both before and after *Cicale* have consistently held that the court may not consider the hearsay itself in making the *Geaney* finding.[5] This court will

---

**3.** *E.g., United States v. Gresko*, 632 F.2d 1128, 1131 (4th Cir.1980); *United States v. Alvarez*, 584 F.2d 694, 696 (5th Cir.1978); *United States v. Regilio*, 669 F.2d 1169, 1174 (7th Cir.1981), *cert. denied*, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982); *United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir.1978); *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1349 (9th Cir. 1981); *United States v. Andrews*, 585 F.2d 961, 965 (10th Cir.1978); *United States v. Zielie*, 734 F.2d 1447, 1457 (11th Cir.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985); *United States v. Slade*, 627 F.2d 293, 307 (D.C. Cir.), *cert. denied*, 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980).

**4.** The Third Circuit has eliminated any doubt as to its position on this issue. *United States v. Ammar* 714 F.2d 238, 246 n. 3 (3d Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983) ("Most circuits ..., including this one, have continued to take the position that the preliminary determinations of admissibility must be made on the basis of independent evidence."); *accord in re Japanese Electronic Products Antitrust Litig.*, 723 F.2d 238, 260–61 (3d Cir.1983). Further, Justice White in dissenting from the denial of certiorari on this issue in-

cludes the First Circuit among the majority. *Means v. United States*, — U.S. ——, 105 S.Ct. 541, 542, 83 L.Ed.2d 429 (1984) (White, J., dissenting from denial of certiorari).

**5.** *E.g., United States v. Ginsberg*, 758 F.2d 823, 828 (2d Cir.1985) ("Under *Geaney*, statements made by a co-conspirator are admissible against a defendant when the prosecution proves the defendant's membership in the conspiracy by a fair preponderance of independent evidence."); *United States v. Wilkinson*, 754 F.2d 1427, 1434 (2d Cir.) (to admit co-conspirator hearsay, trial judge was required to find defendant's participation in the conspiracy "on the basis of a fair preponderance of the non-hearsay evidence"), *cert. denied*, — U.S. ——, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985); *United States v. Mankani*, 738 F.2d 538, 546 (2d Cir.1984) (*Geaney* requires "that the non-hearsay testimony demonstrate by a fair preponderance of the evidence [defendant's] participation in the conspiracy"); *United States v. Garcia-Duarte*, 718 F.2d 42, 45–46 (2d Cir.1983) (stating that "*Geaney* and its progeny establish that for the statement of an alleged co-conspirator to be used against a defendant, the government must demonstrate by a fair pre-

not deviate from this overwhelming precedent.[6]

## II. THE *GEANEY* FINDING

■ The court in the November 26, 1985 opinion found that the government had not satisfied the *Geaney* standard as to Payden and Coleman. The government urges the court to reverse itself on this finding, asserting that there has been additional evidence presented at the hearing.[7]

ponderance of the independent non-hearsay evidence that the defendant was in fact a member of the conspiracy" and then concluding that the independent non-hearsay proof of defendant's participation in the conspiracy was not sufficient to support the admission of customer book which was hearsay); *United States v. Terry*, 702 F.2d 299, 320–21 (2d Cir.) ("Before a jury may consider against a defendant a conspiracy count that rests in part on hearsay statements of an alleged co-conspirator, the trial judge must be satisfied by a fair preponderance of the independent non-hearsay evidence that the defendant was in fact a member of the conspiracy .... Without this requirement of independent non-hearsay corroboration, co-conspirator hearsay 'would lift itself by its own bootstraps to the level of competent evidence,' ") (quoting *Glasser v. United States*, 315 U.S. 60, 74–75, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942)), *cert. denied*, 464 U.S. 992, 104 S.Ct. 482, 78 L.Ed.2d 680, 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *United States v. Perez*, 702 F.2d 33, 35 (2d Cir.) (*Geaney* finding as to the existence of a conspiratorial relationship between the declarant and the defendant must be shown *aliunde* of the hearsay statement itself), *cert. denied*, 462 U.S. 1108, 103 S.Ct. 2457, 77 L.Ed.2d 336 (1983); *United States v. Margiotta*, 688 F.2d 108, 136–37 (2d Cir.1982) ("The law is well-settled that declarations that are otherwise hearsay may nonetheless be provisionally admitted pursuant to Rule 801(d)(2)(E), subject of course to ultimate connection of the defendant with the conspiracy alleged in the indictment, if the trial court determines that the defendant and the declarant participated in the conspiracy, by a fair preponderance of the evidence independent of the hearsay utterances."), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *accord United States v. Alvarez-Porras*, 643 F.2d 54, 57 (2d Cir.), *cert. denied*, 454 U.S. 839, 102 S.Ct. 146, 70 L.Ed.2d 121 (1981); *United States v. Provenzano*, 615 F.2d 37, 44 (2d Cir.), *cert. denied*, 446 U.S. 953, 100 S.Ct. 2921, 64 L.Ed.2d 810 (1980); *United States v. Cambindo Valencia*, 609 F.2d 603, 635 (2d Cir.1979), *cert. denied*, 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 795 (1980); *United States v. Lyles*, 593 F.2d 182, 194 (2d Cir.), *cert. denied*, 444 U.S. 847, 100 S.Ct. 94, 62 L.Ed.2d 61, 440 U.S. 975, 972, 99 S.Ct. 1545, 1537, 59 L.Ed.2d 794, 789 (1979); *United States v. DeFillipo*, 590 F.2d 1228, 1236 & n. 12 (2d Cir.), *cert. denied*, 442 U.S. 920, 99 S.Ct. 2844, 61 L.Ed.2d 288 (1979); *United States v. Ziegler*, 583 F.2d 77, 81 (2d Cir.1978); *see Means v. United States*, 105 S.Ct. at 541–42 (White, J., dissenting from denial of certiorari) (sixth circuit's view that court may consider hearsay in making *Geaney* finding is "inconsistent with the stated position of every other Federal Court of Appeals").

6. If the government is arguing that the statement should be admissible as to Payden and Coleman because it falls under the admission exemption to the hearsay rule, this would be just as unpersuasive. Admissions are not admissible against persons other than the declarant. Fed.R.Evid. 801(d)(2)(A); *e.g., United States v. Morris*, 623 F.2d 145, 148 (10th Cir.), *cert. denied*, 449 U.S. 1065, 101 S.Ct. 793, 66 L.Ed.2d 609 (1980); *United States v. Eubanks*, 591 F.2d 513, 519 (9th Cir.1979) (per curiam) *United States v. Glover*, 506 F.2d 291, 294 (2d Cir.1974); *People v. Payne*, 35 N.Y.2d 22, 27–28, 358 N.Y.S.2d 701, 315 N.E.2d 762 (1974).

7. The government also implies that the court applied the incorrect standard in making the *Geaney* finding. The government asserts that once a conspiracy has been established, only "slight evidence" is needed to connect an additional person to the conspiracy. Not only is this not a correct statement of the standard, *see United States v. Silverman*, 18 Fed.R.Evid.Serv. (Callaghan) 915, 921–22 (9th Cir.1985) (the proper standard is " 'substantial evidence' of a 'slight connection.' "), it is simply not the law of this circuit. Although the evidence "need not be overwhelming", *United States v. Provenzano*, 615 F.2d at 45, "the threshold requirement of admissibility [in this circuit] is satisfied by a showing of a likelihood of an illicit association between the declarant and the defendant." *United States v. Ragland*, 375 F.2d 471, 477 (2d Cir.1967), *cert. denied*, 390 U.S. 925, 88 S.Ct. 860, 19 L.Ed.2d 987 (1968); *accord United States v. Garcia-Duarte*, 718 F.2d at 45; *United States v. Terry*, 702 F.2d at 320; *United States v. Provenzano*, 615 F.2d at 44. Recent appellate panels seem to require an even stricter standard than the "likelihood of illicit association" to link a defendant to an already established conspiracy and admit the statements against him. *See, e.g., United States v. Wilkinson*, 754 F.2d at 1434 (to admit coconspirator hearsay, trial judge was "required to find participation by the [defendant] in the conspiracy on the basis of a fair preponderance of the non-hearsay evidence"); *United States v. Mankani*, 738 F.2d at 546 ("Before admitting a coconspirator's statement into evidence against [the defendant] ... it is required ... that the non-hearsay testimony demonstrate by a fair preponderance of the evidence [the defendant's] participation in the conspiracy.").

The government introduced evidence at the hearing that was not contained in the materials submitted for the original motion. The additional evidence is essentially that exclusivity of territory is important in street level narcotics operations (Tr. at 2873), that prior to his meeting with Grant, Siegel observed what he believed to be a narcotics transaction involving Payden,[8] and that Grant utilized procedures to sell heroin accepted in the Payden enterprise as evidenced by this previous narcotics transaction.

Grant raises the issue that the government exceeded the scope of reargument by eliciting testimony beyond that ever raised in its offer of proof and its subsequent memoranda. Mr. Grant is correct in noting that additional facts were presented at the hearing. The November 29, 1985 hearing, however, was not limited by the traditional rules relating to motions to reargue[9] because the hearing was conducted simply to afford the court an opportunity to observe the demeanor of Siegel and to preserve his testimony. (Tr. at 2697 & 2703).

In any event, the issue is moot because even when these additional facts are considered, the result would not be any different: the government has not satisfied its burden under *Geaney*. There was certainly nothing unique about Grant's procedures or his position in an enterprise that would place him in the Payden organization. Further, Siegel's testimony regarding the exclusivity of territory, when considered with the other non-hearsay evidence, Nov. 26 Opinion at 11–13, is insufficient to show a "likelihood of an illicit association" between Grant, Payden and Coleman. *See* cases cited in Nov. 26 Opinion at 12.[10] Again, the court notes that Grant was involved in a narcotics conspiracy, however, the government has not established a "likelihood" that this conspiracy is the one charged in the indictment when Grant's statements are not considered. See Nov. 26 Opinion at 9 n. 6, 15 n. 7.

## III. DECLARATION AGAINST INTEREST AND THE "CATCH ALL"

The government contends that even if the court should determine that the evidence of Grant and Payden's membership in the same conspiracy is insufficient to satisfy the *Geaney* standard, the statements are nevertheless admissible because they were against Grant's interest when made, Fed.R.Evid. 804(b)(3), and because they have "equivalent circumstantial guarantees of trustworthiness," Fed.R.Evid. 804(b)(5). The court has already rejected most of these arguments in the Nov. 26 Opinion and therefore need not address them again here. The government did

8. Special Agent Siegel stated that he saw Mr. Payden speaking with a woman in front of Kenny's. The woman then walked away and met with another man. The woman and the man entered a building and stayed for a period of fifteen minutes. Other people entered the building while the woman and man were inside. When the woman and man left the building, the woman was carrying a wallet with money. The two walked down the street. The man got into his car and the woman then walked over to talk with Payden. The man drove off and was followed by Siegel. Siegel lost contact with the man's car on the highway and returned to his previous location on Amsterdam Avenue. When he returned, he did not see the woman.

9. The only basis for a motion for reargument in a civil case is that "the court has overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 611 F.Supp. 281, 284 (S.D.N.Y.1985).

The same standard is applicable to motions in criminal cases. *United States v. N.V. Nederlandsche Combinatie Voor Chemische Industrie,* 75 F.R.D. 473, 475 n. 8 (S.D.N.Y.1977).

10. The facts of this case are in line with the majority of cases where hearsay has been excluded on the grounds of insufficient independent evidence. Comment, *Reconstructing the Independent Evidence Requirement of the Coconspirator Hearsay Exception,* 127 U.Pa.L.Rev. 1439, 1465–66 (1979). Specifically, these cases involve the testimony of "an undercover agent who has negotiated or transacted a sale with the coconspirator-declarant. The hearsay declaration of the coconspirator, spoken to or overheard by the agent in the defendant's absence, implicates the defendant, often as the source of the coconspirator's drug supply." *Id.* (footnotes omitted). *See also* Tr. at 1943–44 ("The street is a funny place. People switch drugs, they use brand names that are not theirs in order to sell.") (testimony of Special Agent Siegel).

raise one case that was omitted from its first memo, *United States v. Lieberman*, 637 F.2d 95 (2d Cir.1980), and claims that the case is particularly instructive as to the Rule 804(b)(3) component of Grant's statements.

Viewed in the context of Grant's narcotics activities, the statements inculpating Payden would "tend to subject" Mr. Grant to criminal liability within the meaning of *Lieberman*.[11] The statements, however, would not be admissible because there are insufficient corroborating circumstances. Nov. 26 Opinion at 10.[12] The "corroborating circumstances must clearly indicate the trustworthiness of the statements" to admit statements that are against the interest of the declarant and also inculpate the defendant. *United States v. Katsougrakis*, 715 F.2d at 775. This requirement is mandated by the confrontation clause of the Constitution. *United States v. Alvarez*, 584 F.2d at 700–01; *accord United States v. Riley*, 657 F.2d 1377, 1382 (8th Cir.1981); *see United States v. Katsougrakis*, 715 F.2d at 776. At the very least, a standard comparable to the independent evidence requirement under 801(d)(2)(E) and *Geaney* must be used to determine corroboration. 4 D. Louisell & C. Mueller, Federal Evidence § 489, at 1181 (1980); *see* Tague, *Perils of the Rulemaking Process: The Development, Application, and Unconstitutionality of Rule 804(b)(3)'s Penal Interest Exception*, 69 Geo.L.J. 851, 959 (1981); *cf. United States v. Stanchich*, 550 F.2d 1294, 1298 n. 1 (2d Cir.1977) (the same corroborating evidence is necessary to support admission under state of mind exception and co-conspirator exception).[13] The same factors are applicable to making both the *Geaney* finding and the corroboration finding. *Compare United States v. Lieberman*, 637 F.2d at 102 *with id.* at 104.[14] Thus, for the reasons stated above and in the November 26, 1985 opinion regarding the failure to satisfy the *Geaney* standard, the statements cannot be admitted pursuant to 804(b)(3).[15]

**11.** This would be relevant to the second prong of the test for admissibility set forth in *United States v. Katsougrakis*, 715 F.2d 769, 775 (2d Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984). See Nov. 26 Opinion at 9.

**12.** Corroboration is of the content of the statement as opposed to corroboration of the fact that the statement was made. Comment, *Federal Rule of Evidence 804(b)(3) and Inculpatory Statements Against Penal Interest*, 66 Calif.L. Rev. 1189, 1205 n. 99 (1978).

**13.** To admit statements pursuant to 801(d)(2)(E), the court must find the existence of the conspiracy and of the defendant's complicity therein by a *"fair preponderance of the evidence* independent of the hearsay utterances." *United States v. Geaney*, 417 F.2d at 1120 (emphasis added). To admit statements pursuant to 804(b)(3) the court must find that "corroborating circumstances *clearly* indicate the trustworthiness of the statement." *United States v. Katsougrakis*, 715 F.2d at 775 (emphasis added); *see United States v. Satterfield*, 572 F.2d 687, 693 (9th Cir.) (corroborating circumstances must do more than tend to indicate the trustworthiness of the statement, they must clearly indicate it), *cert. denied, 439 U.S. 840, 99 S.Ct. 128, 58 L.Ed.2d 138 (1978). There must be circumstances solidly indicating trustworthiness; minimal corroboration is not enough.

*United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir.1978); *United States v. Barrett*, 539 F.2d 244, 253 (1st Cir.1976).

**14.** In *Lieberman* the court found sufficient evidence to satisfy the *Geaney* standard as well as the corroboration standard. 637 F.2d 102, 104. The abundance of independent evidence present in *Lieberman* is absent from this case.

**15.** To permit a lesser standard to be used to corroborate statements under 804(b)(3) than to satisfy *Geaney* would result in the declaration against interest exception swallowing up the co-conspirator exception and the various safeguards connected with it. *See United States v. Alvarez*, 584 F.2d at 701; *cf.* 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 801(d)(2)(E)[01], at 801–244 (1985) ("Though ingenious in its manipulation of the hearsay rules, the effect of the ruling [admitting statement under Fed.R.Evid. 804(b)(3) even though it was not 'in furtherance' of the conspiracy as required by Fed.R.Evid. 801(d)(2)(E) ] was to deny the defendant the protection supposedly built into ... rule]" 801(d)(2)(E) ); Note, *Inculpatory Declarations Against Interest and the Confrontation Clause: A Wider Spectrum of Admissible Evidence Against Co-conspirators*, 48 Brooklyn L.Rev. 943 (1982) (concluding that too broad an interpretation of whether a statement tends to incriminate a declarant within the meaning of Rule 804(b)(3)

██ The government also seeks to admit the statements pursuant to Rule 804(b)(5). The statement cannot be admitted under this rule for two reasons. First, Rule 804(b)(5) requires that there be "equivalent guarantees of trustworthiness." For the same reasons that the statement is not admissible under *Geaney* for 801(d)(2)(E) and the corroboration requirment of 804(b)(3), the statement may not be admitted pursuant to the "catch-all" exception in 804(b)(5). *United States v. Rodriguez*, 706 F.2d 31, 40–41 (2d Cir.1983); *United States v. Hoyos*, 573 F.2d at 1116.[16] Second, the Rule requires the "proponent of [the statement] make[ ] known to the adverse party sufficiently in advance of trial ... to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant." There is no indication that the government made their intentions known to the defense. *See United States v. Rodriguez*, 706 F.2d at 40–41.

## CONCLUSION

The government's request that the court vacate the November 26, 1985 Opinion is denied.

SO ORDERED.

would emasculate the "in furtherance" requirement of Rule 801(d)(2)(E) ); *see also* Note, *Federal Rules of Evidence 801(d)(2)(E) and the Confrontation Clause: Closing the Window of Admissibility for Coconspirator Hearsay*, 53 Fordham L.Rev. 1291, 1298 (1985) ("The pendency and furtherance requirements were intended to limit the admissible class of coconspirator statements indicating Supreme Court disfavor of 'attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions.' ") (quoting *Grunewald v. United States*, 353 U.S. 391, 404, 77 S.Ct. 963, 973, 1 L.Ed.2d 931 (1957) ). The integrity of the "independent evidence" safeguard has been jealously guarded by the courts. See cases cited *supra* notes 3–5.

16. It should also be noted that there is nothing that makes an admission *per se* reliable enough to be admissible under 804(b)(5). *See* Fed.R. Evid. 801 advisory committee note (Admissions are deemed not to be hearsay as to the declarant "as a result of the adversary system rather than satisfaction of the conditions of the hearsay rule.... No guarantee of trustworthiness is required in the case of an admission.").